BETSY C. MANIFOLD (*pro hac vice*)
manifold@whafh.com
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

GREGORY M. NESPOLE (*pro hac vice*)
REGINA M. CALCATERRA (*pro hac vice*)
ANITA B. KARTALOPOULOS (*pro hac vice*)
CORREY A. KAMIN (*pro hac vice*)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/686-0114

*Counsel for Lead Plaintiff and
and Proposed Class Counsel*

**ANDERSON &
KARRENBERG**
Heather M. Sneddon (9250)
Jared D. Scott (15066)
50 West Broadway, #700
Salt Lake City, UT 84101-2035
Telephone: 801/534-1700
Facsimile: 801/364-7697
hsneddon@aklawfirm.com
jscott@aklawfirm.com

*Liaison Counsel for Lead Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **PATRICK LENTSCH**, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISTA OUTDOOR INC., MARK W. DEYOUNG, STEPHEN M. NOLAN**, and **KELLY T. GRINDLE**,<br><br>Defendants. | Case No. 1:17-cv-00012-RJS-EJF<br><br>**DECLARATION OF BETSY C. MANIFOLD IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**<br><br>JUDGE: Hon. Dale A. Kimball |

I, Betsy C. Manifold, declare as follows:

1. I am a member of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, Lead Counsel for Lead Plaintiff in this Action.[1] I submit this Declaration in support of Plaintiff's Unopposed Motion Preliminarily Approving Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. I represent Lead Plaintiff The New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund ("Lead Plaintiff") in this Action.

3. I have extensive experience in complex class action litigation, having served as lead counsel in dozens of such matters in cases throughout the United States over a period of more than 25 years. My firm has served as lead counsel in complex class actions for nearly five decades.

## I. INTRODUCTION

4. The Parties have reached an agreement to settle this class action against Defendants over Defendants' misleading reporting of Vista's operations and financial results, including the January 2017 and November 2017 write-offs of recorded goodwill in Vista's Outdoor Products segment. The Settlement provides a substantial payment by Defendants of $6.25 million for the Settlement Class.

5. The Settlement is the product of substantial investigation and research, followed by extensive arm's-length negotiations between experienced and knowledgeable counsel, facilitated by Jed Melnick, Esq., a well-respected and highly accomplished mediator.

6. Before the Parties agreed in principle to the material terms of the Settlement, Lead Plaintiff and Lead Counsel had: (i) conducted an exhaustive investigation of the claims and underlying events and transactions related to the Action, including working with an in-house financial analyst, reviewing various news reports, other publicly available information, and informal discovery from non-parties; (ii) filed two amended complaints, with motion practice and extensive

[1] Unless otherwise defined herein, this Declaration incorporates by reference the defined terms set forth in the Stipulation and Agreement of Settlement dated July 2, 2018 and all such terms shall have the same meaning herein.

briefing on those pleadings; (iii) conducted exhaustive research of the applicable law for the claims in this Action and the potential defenses thereto; (iv) consulted with multiple experts; (v) reviewed damages documents and information provided informally by Defendants and obtained from non-parties through investigation; and (vi) participated in a hard-fought mediation and settlement negotiation process.

7. Based on our thorough and well-informed evaluation of the facts and governing legal principles, and the recognition of the substantial risk and expense of continued litigation, we believe the proposed Settlement is fair, reasonable and adequate under Federal Rule of Civil Procedure 23.

## II. BACKGROUND AND SUMMARY OF THE LITIGATION

8. On January 25, 2017, following Vista's announcement that it would have to recognize an impairment charge in its Outdoor Products segment in the range of $400 to $450 million, Patrick Lentsch filed a class action lawsuit against Defendants alleging that they made false and misleading statements about Vista's business, operations and prospects.

9. On March 27, 2017, Lead Plaintiff filed a motion to be appointed as lead plaintiff and this motion was granted by this court on July 3, 2017.

10. After an extensive investigation, including interviewing numerous confidential witnesses, on September 22, 2017, Lead Plaintiff filed a First Amended Complaint that was 81 pages and included 165 paragraphs of detailed allegations concerning Defendants' misconduct, including that Vista failed to properly recognize a $449 million goodwill impairment in its Hunting & Shooting Accessories reporting unit.

11. On October 23, 2017, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. Lead Plaintiff's opposition was due on November 22, 2017. However, on November 9, 2017, Vista announced another impairment charge of $152 million in its Outdoor Products segment. Accordingly, the parties entered into a stipulation allowing Lead Plaintiff leave to file a Second Amended Complaint (the "Complaint").

12. After additional extensive investigation, including interviewing additional confidential witnesses, on January 12, 2018, Lead Plaintiff filed its 127-page Complaint that included 260 paragraphs of detailed factual allegations regarding Defendants' alleged misconduct.

The Complaint alleged that some or all of the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by failing to make required disclosures about Vista's operations and financial results, including the January 2017 and November 2017 write-offs of recorded goodwill in Vista's Outdoor Product segment. The Complaint also alleged, *inter alia*, that as a result of Defendants' purported actions, Lead Plaintiff and members of the Class suffered harm, and requested that the Court grant compensatory damages, costs, expenses and other appropriate relief for such alleged harm.

13. On February 22, 2018, Defendants filed a motion to dismiss the Complaint for failure to state a claim upon which relief could be granted. On March 26, 2018, Lead Plaintiff filed an opposition to Defendants' motion to dismiss, arguing that it adequately alleged a claim under both Section 10(b) and Section 20(a) of the Exchange Act. Oral argument for the motion to dismiss was scheduled to take place on June 12, 2018.

## III. MEDIATION EFFORTS

14. On April 13, 2018, counsel for the Parties attended an in-person mediation with Mr. Melnick in New York. Mr. Melnick is a highly experienced mediator who has successfully settled many complex securities class actions. Representatives of Defendants and their insurer attended the mediation. The mediation began early in the morning and lasted late into the evening.

15. At the conclusion of the mediation, the Parties were able to reach a settlement in principle. On April 20, 2018, Counsel for the Parties promptly notified the Court of the settlement in principle and began the process of preparing and executing the Settlement Agreement. All Parties executed the Settlement Agreement on July 2, 2018, and Lead Plaintiff promptly filed this motion for preliminary approval of the Settlement.

16. As a part of the confidential mediation process, Class Counsel also interviewed a knowledgeable representative of Vista with personal knowledge of the Company's calculations of goodwill during the relevant period including the decision to write off goodwill and announce the impairment during the Class Period. Class Counsel also reviewed certain non-public Vista documents also provided as part of the confidential mediation process.

## IV. TERMS OF THE SETTLEMENT

17. The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement ("Settlement") which is attached hereto as **Exhibit 1**. The Settlement includes the following exhibits:

a. **Exhibit A**: [Proposed] Preliminary Approval Order

b. **Exhibit A-1**: Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing

c. **Exhibit A-2**: Proof of Claim Form

d. **Exhibit A-3**: Publication Notice

e. **Exhibit B**: [Proposed] Order and Final Judgment

18. The Settlement provides for the payment of $6.25 million in cash (the "Settlement Amount"), which includes all attorneys' fees and expenses, and all costs related to the class notice and settlement administration. According to a damages expert retained by Lead Counsel, this recovery is roughly 6% of the maximum potential recovery Settlement Class Members could have achieved at trial.

19. The Settlement Class is defined as:

> all persons or entities that purchased or otherwise acquired Vista's securities between August 11, 2016 and November 9, 2017, inclusive, including any and all of their respective successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them who suffered damages. Excluded from the Class are (i) Individual Defendants; (ii) any person who was an officer, director or managing agent of Vista or any of its subsidiaries or affiliates at any point during the Class Period; (iii) members of the immediate family of any of the foregoing individuals; (iv) any affiliate of Vista; (v) any entity in which the Defendants have or had a controlling interest; and (vi) the legal representatives, heirs, predecessors, successors or assigns of any such excluded party. Also excluded from the Class are any Opt-Outs.

20. Each Settlement Class Member will receive a *pro rata* distribution from the relevant Net Settlement Fund based on the damages he or she suffered. The allocation methodology is set forth in the Plan of Allocation contained in the Notice of Pendency of Class Action and Proposed

Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice"). The Net Settlement Fund will be divided between Vista's common stock purchased on the open market during the Class Period ("Stock Net Settlement Fund") and Vista bonds (VSTO 5 7/8% MAT 10/01/23) purchased during the Class Period ("Bond Net Settlement Fund") as follows: 94% to the Stock Net Settlement Fund and 6% to the Bond Net Settlement Fund. Calculating such *pro rata* distribution for each Net Settlement Fund works as follows:

**RECOGNIZED LOSS FORMULA - VISTA SHARES OF COMMON STOCK**

For each Vista share of common stock purchased or acquired by a Class Member during the period August 11, 2016 to November 9, 2017, inclusive, the Recognized Loss per share shall be calculated as follows:

a. For each Vista share of common stock that was purchased during the period August 11, 2016 to January 11, 2017, inclusive,

i. that was sold prior to January 12, 2017, the Recognized Loss per share is $0.

ii. that was sold during the period January 12, 2017 to November 8, 2017, inclusive, the Recognized Loss per share is the ***lesser of***

A. $4.10; or

B. the purchase price ***minus*** the sale price.

iii. that was sold on or after November 9, 2017, the Recognized Loss per share is the ***lesser of***

A. $6.88; or

B. the purchase price ***minus*** the sales price.

b. For each Vista share of common stock that was purchased during the period January 12, 2017 to November 9, 2017, inclusive,

i. that was sold prior to November 9, 2017, the Recognized Loss per share is $0.

ii. that was sold on or after November 9, 2017, the Recognized Loss per share is the ***lesser of***

A. $2.78; or

B. the purchase price ***minus*** the sales price.

**RECOGNIZED LOSS FORMULA - VISTA BONDS**

For each Vista $1,000 bond purchased or acquired by a Class Member during the period August 11, 2016 to November 9, 2017, inclusive, the Recognized Loss per $1,000 bond shall be calculated as follows:

a. For each Vista $1,000 bond that was purchased during the period August 11, 2016 to January 11, 2017, inclusive,

i. that was sold prior to January 12, 2017, the Recognized Loss per share is $0.

ii. that was sold during the period January 12, 2017 to November 8, 2017, inclusive, the Recognized Loss per $1,000 bond is the ***lesser of***

A. $1.96 ; or

B. the purchase price ***minus*** the sale price.

iii. that was sold on or after November 9, 2017, the Recognized Loss per $1,000 bond is the ***lesser of***

A. $20.47; or

B. the purchase price ***minus*** the sales price**.**

b. For each Vista $1,000 bond that was purchased during the period January 12, 2017 to November 9, 2017, inclusive,

i. that was sold prior to November 9, 2017, the Recognized Loss per $1,000 bond is $0.

ii. that was sold on or after November 9, 2017, the Recognized Loss per $1,000 bond is the ***lesser of***

A. $18.51; or

B. the purchase price ***minus*** the sales price.

21. The proposed Settlement Administrator is Garden City Group. The Settlement Administrator's primary responsibilities include: (i) administering the Notice Program (as described below); (ii) tracking requests for exclusion from the Settlement Class; (iii) responding to Settlement

Class Member inquiries; and (iv) managing the escrow accounts, including receipt of the settlement amounts from Defendants, payment of settlement benefits to Settlement Class Members, payment of any Court-awarded attorneys' fees and expenses to Class Counsel, and payment of any Service Awards awarded by the Court to the Lead Plaintiff. Stipulation §§ 1.5, 7-8, 11-13, 15-16, 18-21.

22. In exchange for the benefits conferred by the Settlement, all Settlement Class Members who do not opt out will be deemed to have released Defendants from claims relating to the subject matter of this action. The detailed release language can be found in Sections 1.38, 1.39, 1.40 and 1.49 of the Stipulation and is set forth in detail in the Notice. *See* Stipulation Ex. A-1 (Question 12).

## V. REASONS FOR THE PROPOSED SETTLEMENT

23. Plaintiff agreed to this Settlement with a solid understanding of the strengths and weaknesses of its claims. This understanding is based upon our meticulous preparation of the case, including our exhaustive investigation of the claims, review of various news reports and other publicly available information, informal discovery from non-parties and confidential factual investigation conducted with the cooperation of Defendants (including sharing of non-public Vista documents and an interview with a knowledgeable representative of Vista). Lead Plaintiff was aware of its counsel's preparations in opposing Defendants' Motion to Dismiss, and was advised by its counsel of the risk of continued litigation, including the risk that the Complaint could be dismissed with prejudice, and the risk, expense, and unavoidable delay of an appeal or appeals.

24. Based upon our careful review of all these factors, as well as the substantial expense and length of time necessary to prosecute this Action through the completion of merits and expert discovery, trial, and appeals, and the considerable uncertainties in predicting the outcome of any complex litigation, we concluded that substantial risk exists that the Complaint could be dismissed in whole or in part with prejudice and the Settlement Class might recover far less than the Settlement provides or nothing at all if the Action were to continue. Mr. Melnick also recommended and has

endorsed the Settlement and, indeed, the Settlement is the result of and embodies the mediator's recommendation, made only after extensive arm's-length negotiations.

## VI. ATTORNEYS' FEES AND COSTS AND THE INCENTIVE AWARD

25. Class Counsel have adequately represented the Settlement Class throughout the litigation. Given the progress of the litigation thus far, there can be no dispute that the work we have done in this Action has been of exceptionally high quality.

26. My firm in particular, which the Court appointed as Lead Class Counsel, has extensive experience in complex class action litigation. I have served as lead or co-lead counsel in many complex class actions in securities, antitrust, consumer, and intellectual property cases. A firm resume describing my firm's qualifications is attached hereto as **Exhibit 2**.

27. Class Counsel will seek a fee of no more than 33% of the Settlement Amount of $6.25 million, or $2,062,500 million, which request is subject to the Court's plenary review at the final approval stage.

28. With our fee petition, to be filed together with the papers seeking final approval of the Settlement, we will furnish a detailed breakdown of our hours worked and lodestar expended as a cross-check on the reasonableness of the fee request, insuring that the Court will have sufficient opportunity to determine the reasonableness of the fees to be awarded.

29. In light of the excellent results achieved here, the work we performed, and the quality of our work as well as the risk of litigation, the contingent nature of our fee and the financial burden we have carried, this request is well within the range of reasonableness.

30. Plaintiffs' Counsel also will request reimbursement of out-of-pocket expenses incurred to prosecute the case of not more than $200,000. That amount is certainly within the range of reasonable expenses in a case of this magnitude, importance, and complexity. We will provide an itemization of the expenses we incurred and any additional detailed information the Court may request in connection with the fee application.

31. In addition, Class Counsel believe that a $10,000 service payment should be awarded to Lead Plaintiff for its work and commitment to vindicate the rights of the Class. This award will compensate the Plaintiff for its time and effort during and preceding this Action, including its time

and effort in assisting counsel in its investigation, preparing the complaints, and for the risks it assumed in prosecuting this action against Defendants. Any less would not viably promote the public policy interest in encouraging those with claims to assert them notwithstanding the fears associated with doing so. If the Court approves it, such award will be paid from the Settlement Fund, and will be in addition to the relief to which Lead Plaintiff is entitled as a Settlement Class Member under the terms of the Settlement.

## VII. NOTICE

32. The proposed Notice Program is designed to provide the best notice practicable. The Notice Program is comprised of two different forms of notice: (1) a "long form" notice with more detail than the summary notice, that will be available on a separate settlement website for the Settlement and via U.S. mail; and (2) a summary notice to be published in a national newspaper focusing on investors. Forms of notice for the Settlement are attached as Exhibits A-1 and A-3 to the Stipulation. The Notice Program apprises the Settlement Class of: (i) the pendency of the action; (ii) the terms of the Settlement; (iii) Class Counsel's fee application and request for service awards for Lead Plaintiff; and (iv) Settlement Class Members' rights to opt-out of the Settlement Class or to object to the Settlement. *See* Stipulation, Exs. A-1 (Notice), A-3 (Summary Notice). Both the Notice and Summary Notice specifically sets forth the method by which Class Members may either exclude themselves from the Settlement or object to it. *Id.*

### <u>The Mailed Notice Program</u>

33. The Settlement Administrator will administer the mailed notice program. Within 15 business days from the date the Preliminary Approval Order is entered and from the date that the Settlement Administrator receives data files that identify the names and last known addresses of the identifiable Settlement Class Members (whichever is the latest date), the Settlement Administrator will run such addresses through the National Change of Address Database and will mail to all such Settlement Class Members a mailed notice substantially in the form attached to the Stipulation as Exhibit

A-1. The Settlement Administrator will perform reasonable address traces for all such mailed notices that are returned as undeliverable. The Settlement Administrator will complete such re-mailing of mailed notices to Settlement Class Members for whom a new address has been obtained, no later than 28 days before the deadline for opting out of or objecting to the Settlement.

**The Settlement Website and Toll-Free Hotline**

34. The Settlement Administrator will establish a settlement website as a means for Settlement Class Members to obtain notice of, and information about, the Settlement. The settlement website will include hyperlinks to the Settlement, the Notice in the form attached as Exhibit A-3 to the Stipulation, this Court's order preliminarily approving the Settlement, and such other documents as Class Counsel and Defendants' counsel agree to post, or that the Court orders posted. These documents will remain on the settlement websites at least until the Effective Date of the Settlement.

35. The Settlement Administrator will also establish and maintain an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and was executed in San Diego, California on this 3rd day of July 2018.

By: *_/s/ Betsy C. Manifold_*
BETSY C. MANIFOLD