BETSY C. MANIFOLD (*pro hac vice*)
manifold@whafh.com
**WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

GREGORY M. NESPOLE (*pro hac vice*)              **ANDERSON &**
REGINA M. CALCATERRA (*pro hac vice*)            **KARRENBERG**
ANITA B. KARTALOPOULOS (*pro hac vice*)          Heather M. Sneddon (9250)
CORREY A. KAMIN (*pro hac vice*)                 Jared D. Scott (15066)
**WOLF HALDENSTEIN ADLER**                       50 West Broadway, #700
    **FREEMAN & HERZ LLP**                       Salt Lake City, UT 84101-2035
270 Madison Avenue                               Telephone:  801/534-1700
New York, NY 10016                               Facsimile:  801/364-7697
Telephone:  212/545-4600                         hsneddon@aklawfirm.com
Facsimile:  212/686-0114                         jscott@aklawfirm.com

*Counsel for Lead Plaintiff and*                 *Liaison Counsel for Lead Plaintiff*
*Proposed Class Counsel*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PATRICK LENTSCH**, On Behalf of Himself and All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  v.<br><br>**VISTA OUTDOOR INC., MARK W. DEYOUNG, STEPHEN M. NOLAN,** and **KELLY T. GRINDLE**,<br><br>          Defendants. | Case No. 1:17-cv-00012-DAK-EJF<br><br>**PLAINTIFFS' COUNSEL'S APPLICATION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND SERVICE AWARD TO LEAD PLAINTIFF**<br><br>JUDGE:  Hon. Dale A. Kimball |

## TABLE OF CONTENTS

**PAGES**

I.     INTRODUCTION ................................................................................................1

II.    THE COURT SHOULD AWARD THE REQUESTED
ATTORNEYS' FEES ........................................................................................2

      A.    The Percentage-of-the-Fund Method is the Appropriate
Method for Calculating the Fee Award ...................................................2

      B.    The Requested Attorneys' Fees are Fair and Reasonable
Under Either the Percentage-of-the-Fund Method
or the Lodestar Method.............................................................................3

      C.    The Attorneys' Fees Request is Reasonable Under
the *Johnson* Factors...................................................................................5

               1.    Time and Labor Involved Supports the Attorneys'
Fees Requested...............................................................................5

               2.    The Novelty and Difficulty of the Questions Supports
the Attorneys' Fees Requested......................................................6

               3.    The Skill Required and the Experience of Plaintiffs'
Counsel Supports the Attorneys' Fees Requested   .................................7

               4.    The Preclusion of Other Employment Supports the
Attorneys' Fees Requested ...........................................................7

               5.    The Customary Fee and Awards in Similar Cases
Supports the Attorneys' Fees Requested ......................................7

               6.    The Contingent Nature of the Fee Supports the
Attorneys' Fees Requested   .................................8

               7.    The Amount Involved and the Results Achieved
Supports the Attorneys' Fees Requested ....................................8

               8.    The Undesirability of the Case Supports the
Attorneys' Fees Requested ...........................................................9

      D.    Reaction to the Requested Fee by the Class ........................................10

III.    PLAINTIFFS' COUNSEL ARE ENTITLED TO
        REIMBURSEMENT FOR THEIR REASONABLE
        LITIGATION EXPENSES ................................................................................10

IV.     APPLICATION FOR SERVICE AWARD ........................................................11

V.      CONCLUSION ................................................................................................11

# TABLE OF AUTHORITIES

**PAGES**

## Cases

*Anderson v. First Sec. Corp.*,
    249 F. Supp. 2d 1256 (D. Utah 2002) ........................................................................9

*Brown v. Phillips Petroleum Co.*,
    838 F.2d 451 (10th Cir. 1988)........................................................................3, 5, 8

*Campbell v. C.R. England, Inc.*,
    No. 2:13-cv-00262, 2015 U.S. Dist. LEXIS
    134235 (D. Utah Sept. 30, 2015) ........................................................................3

*Caprin v. Simon Transp. Servs.*,
    112 F. Supp. 2d 1251 (D. Utah 2000) ........................................................................9

*Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*,
    861 F.3d 1182 (10th Cir. 2017)........................................................................2, 3

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
    65 F. Supp. 3d 840 (N.D. Cal. 2014) ........................................................................9

*Faircloth v. Certified Fin. Inc.*,
    No. CV 99-3097, 2001 U.S. Dist.
    LEXIS 6793 (E.D. La. May 16, 2001) ........................................................................4

*Gaskill v. Gordon*,
    942 F. Supp. 382 (N.D. Ill. 1996) ........................................................................4

*Gottlieb v. Barry*,
    43 F.3d 474 (10th Cir. 1994)........................................................................3, 5

*Hensely v. Eckerhart*,
    461 U.S. 424 (1983)........................................................................8

*In re Crocs, Inc. Sec. Litig.*,
    306 F.R.D. 672 (D. Colo. 2014)........................................................................6

*In re Nu Skin Enters., Sec. Litig.*,
    No. 2:14-cv-00033-JNP-BCW, 2016 U.S. Dist.
    LEXIS 166250 (D. Utah Oct. 12, 2016) ........................................................................3, 11

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   625 F. Supp. 2d 1133 (D. Colo. 2009) ...................................................................6

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   625 F. Supp. 2d 1143 (D. Colo. 2009) ..................................................4, 6, 8, 10

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   No. 01-cv-01451-REB-CBS, 2006 U.S. Dist.
   LEXIS 71267 (D. Colo. Sept. 28, 2006) ...........................................................8, 10

*In re Safety Components Int'l, Inc. Sec. Litig.*,
   166 F. Supp. 2d 72 (D.N.J. 2001) ......................................................................3

*In re Storage Tech Corp. Sec. Litig.*,
   No. 84-F-1981, 1990 U.S. Dist.
   LEXIS 18461 (D. Colo. Sept. 28, 1990) ...............................................................9

*Johnson v. Georgia Highway Express, Inc.*,
   488 F.2d 714 (5th Cir. 1974) ..........................................................................3, 5

*Kapur v. USANA Health Sciences, Inc.*,
   No. 2:07-CV-00177DAK, 2008 U.S. Dist.
   LEXIS 58955 (D. Utah July 23, 2008) ...............................................................9

*Karacand v. Edwards*,
   53 F. Supp. 2d 1236 (D. Utah 1999) ..................................................................9

*Lane v. Page*,
   862 F. Supp. 2d 1182 (D.N.M. 2012) ................................................................8

*Law v. Nat'l Collegiate Athletic Ass'n*,
   4 F. App'x 749 (10th Cir. 2001) .......................................................................2

*Lucas v. Kmart Corp.*,
   No. 99-cv-01923, 2006 U.S. Dist.
   LEXIS 51420 (D. Colo. July 27, 2006) .............................................................4, 7

*Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*,
   No. 09-cv-01543-REB-KMT, 2010 U.S. Dist.
   LEXIS 144366 (D. Colo. Dec. 22, 2010) ............................................................4

*McNeely v. Nat'l Mobile Health Care, LLC*,
   No. CIV-07-933-M, 2008 U.S. Dist.
   LEXIS 86741 (W.D. Okla. Oct. 27, 2008) ...........................................................3

*Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*,
   No. 2:02 CV 950 TS, 2014 U.S. Dist.
   LEXIS 116641 (D. Utah June 19, 2014) ..............................................................3

- iv -

*Ramah Navajo Chapter v. Jewell*,
   167 F. Supp. 3d 1217 (D.N.M. 2016) .......................................................................3

*Vaszlavik v. Storage Tech. Corp.*,
   No. CV 95-B-2525, 2000 U.S. Dist.
   LEXIS 21140 (D. Colo. Mar. 9, 2000) .........................................................4, 8,10

## Statutes

15 U.S.C.
   § 78u-4(a)(4) ...........................................................................................................11

## Rules

Fed. R. Civ. P.
   23(h)(1) ....................................................................................................................2

## Other

Laarni T. Bulan, et al.,
   *Securities Class Action Settlements - 2017 Review and Analsysis*
   (Cornerstone Research 2017) ....................................................................................9

## RELIEF SOUGHT AND GROUNDS THEREFOR

Pursuant to this Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement (ECF No. 85), Lead Plaintiff The New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund ("Lead Plaintiff") respectfully submits this memorandum of law in support of its motion for an order approving: (i) Plaintiffs' Counsel's request for an award of attorneys' fees in the amount of $2,062,500, or 33% of the Settlement Amount,[1] in connection with the successful prosecution and settlement of this Action; (ii) reimbursement of $103,426.74 in expenses reasonably and necessarily incurred in prosecuting this Action; and (iii) an award of $10,000 to Lead Plaintiff for its costs and expenses directly related to its representation of the Settlement Class.

## I.      INTRODUCTION

Lead Plaintiff and Plaintiffs' Counsel negotiated an excellent Settlement of this Action with the Defendants.[2]   Plaintiffs' Counsel achieved a settlement of $6.25 million, which represents approximately 6% of the maximum potential recovery Settlement Class Members could have achieved at trial, provided the claims survived the Motion to Dismiss and a motion for summary judgment, the Class was certified, and Defendants' anticipated challenges to the methodology of Lead Plaintiff's damages expert were unsuccessful.  This recovery falls squarely within the median range of recoveries in securities class action settlements of this type.

Lead Plaintiff believes that the requested attorneys' fee award of $2,062,500, plus interest at the same rate earned by the Settlement Fund, or 33% of the Settlement Amount, properly reflects Plaintiffs' Counsel's contribution and results achieved in this litigation and is

---

[1]      All capitalized terms that are not otherwise defined herein shall have the same meaning as those provided in the Stipulation and Agreement of Settlement, dated July 2, 2018 (the "Stipulation" or the "Settlement"), filed as Exhibit 1 to the Declaration of Betsy C. Manifold in Support of Lead Plaintiff's Unopposed Motion Preliminarily Approving Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement.   ECF No. 82-1.

[2]      "Defendants" refers collectively to Vista Outdoor Inc. ("Vista" or the "Company"), Mark W. DeYoung, Stephen M. Nolan and Kelly T. Grindle.

within the range of what is routinely awarded by courts in this and other circuits. Based on the guidelines endorsed by the Tenth Circuit, the requested fees are also reasonable and fair in light of, *inter alia*, the time and labor involved and the result achieved in an extremely difficult case. The requested fee represents a multiplier of 1.67 for Plaintiffs' Counsel who prosecuted this Action on a wholly contingent basis. Plaintiffs' Counsel submit that the requested attorneys' fees, reimbursement of expenses and service award to Lead Plaintiff are fair and reasonable and should be approved by the Court.

## II.   THE COURT SHOULD AWARD THE REQUESTED ATTORNEYS' FEES

### A.   The Percentage-of-the-Fund Method is the Appropriate Method for Calculating the Fee Award

Federal Rule of Civil Procedure 23(h) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The Notice that was mailed to potential Class Members and made available on the settlement website, advised Class Members that Plaintiffs' Counsel would "apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33% of the Settlement Amount." Notice at 2.

"In class actions, the district court has broad authority over awards of attorneys' fees." *Law v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001) (quotations omitted). There are two generally accepted methods for determining an award of attorney fees in common fund class actions: (1) the percentage-of-the-fund method; and (2) the lodestar method. *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 861 F.3d 1182, 1185-86 (10th Cir. 2017). Under the percentage-of-the-fund method, fees are based on a reasonable percentage of the overall fee award. Under the lodestar method, fees are determined based on the hours worked and a reasonable hourly fee. *Id.*

The Tenth Circuit has implied a preference for the percentage-of-the-fund method in

common fund cases. *Id.* at 1186.[3]  The percentage-of-the-fund method "aligns the interests of class counsel with interests of the class because the more the class recovers, the more class counsel recovers." *Ramah Navajo Chapter v. Jewell*, 167 F. Supp. 3d 1217, 1242 (D.N.M. 2016).  It is also consistent with the practice in the private marketplace where contingent-fee attorneys are customarily compensated by a percentage of the recovery.  Regardless of the approach used, the Tenth Circuit has held that the trial court must consider the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Gottlieb v. Barry*, 43 F.3d 474, 482-83 (10th Cir. 1994); *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir. 1988). The Tenth Circuit's "approach has been called a 'hybrid' approach, combining the percentage fee method with the specific factors traditionally used to calculate the lodestar." *Gottlieb*, 43 F.3d at 482-83.

**B.     The Requested Attorneys' Fees are Fair and Reasonable Under Either the Percentage-of-the-Fund Method or the Lodestar Method**

Plaintiffs' Counsel's request of 33% of the common fund is consistent with awards routinely made by courts in this and other circuits.  *See, e.g.*, *Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.*, No. 2:02 CV 950 TS, 2014 U.S. Dist. LEXIS 116641, at *4 (D. Utah June 19, 2014) (approving a fee award that represented 33.3% of a settlement fund); *Campbell v. C.R. England, Inc.*, No. 2:13-cv-00262, 2015 U.S. Dist. LEXIS 134235, at *19-20 (D. Utah Sept. 30, 2015) (same); *McNeely v. Nat'l Mobile Health Care, LLC*, No. CIV-07-933-M, 2008 U.S. Dist. LEXIS 86741, at *46 (W.D. Okla. Oct. 27, 2008) (approving fee of 33% and noting that "[f]ees in the range of at least one-third of the common fund are frequently awarded in class action cases . . . ."); *In re Nu Skin Enters., Sec. Litig.*, No. 2:14-cv-00033-JNP-BCW, 2016 U.S. Dist. LEXIS 166250, at *4-5 (D. Utah Oct. 12, 2016) (approving a fee award that represented 29% of the settlement fund); *In re Safety Components Int'l, Inc. Sec. Litig.*, 166 F. Supp. 2d 72, 101 (D.N.J. 2001) (collecting cases approving fee requests of between 27.5% and

---

[3]     The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that "[t]otal attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class."

33.8% of the common fund, and ranging from $1.46 to $37.1 million); *Faircloth v. Certified Fin. Inc.*, No. CV 99-3097, 2001 U.S. Dist. LEXIS 6793, at *36 (E.D. La. May 16, 2001) (approving fee of 35%); *Gaskill v. Gordon*, 942 F. Supp. 382, 388 (N.D. Ill. 1996) (approving fee of 38%), *aff'd*, 160 F.3d 361 (7th Cir. 1998).

Plaintiffs' Counsel undertook their representation of the Class on a wholly contingent basis, investing a substantial amount of time and money to prosecute this Action with the expectation that if they were successful in obtaining a recovery for the Class, they would receive a percentage-of-the-fund fee award.  Plaintiffs' Counsel undertook this work without a guarantee of any compensation, or the recovery of the out-of-pocket-expenses they incurred.

A "cross-check" with the lodestar analysis also supports the fee requested. Courts in common fund cases regularly award multipliers of two to three times the lodestar or more to compensate for the risk undertaken and to reflect the quality of the work performed. *Vaszlavik v. Storage Tech. Corp.*, No. CV 95-B-2525, 2000 U.S. Dist. LEXIS 21140, at *7-8 (D. Colo. Mar. 9, 2000).  Plaintiffs' Counsel's lodestar is $1,232,487.  Declaration of Betsy C. Manifold in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement, Plan of Allocation and Certification of Settlement Class; and Application for Award of Attorneys' Fees, Reimbursement of Expenses and Service Award to Lead Plaintiff ("Manifold Decl."), ¶ 48 (filed concurrently herewith).  Thus, Plaintiffs' Counsel's request for an award of $2,062,500 is a very reasonable multiplier of 1.67, which is well within the accepted range of reasonable lodestar multipliers approved in other cases in this Circuit. *See, e.g., In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1143, 1148–1153 (D. Colo. 2009) ("*Qwest II*") (applying lodestar multiplier of 3.3); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 U.S. Dist. LEXIS 144366, at *9 (D. Colo. Dec. 22, 2010) (applying lodestar multiplier of 1.82 which was "lower than lodestar multipliers that federal courts consistently have approved in other class action cases"); *Lucas v. Kmart Corp.*, No. 99-cv-01923, 2006 U.S. Dist. LEXIS 51420, at *8 (D. Colo. July 27, 2006) (applying lodestar multiplier of 1.87).

### C.     The Attorneys' Fees Request is Reasonable Under the *Johnson* Factors

The Tenth Circuit has set forth certain factors, the *Johnson* factors, that district courts should consider in determining whether the requested fees are reasonable.  They are: (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to properly perform the legal services; (4) whether the case precluded counsel from accepting other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the dollar amount involved and the result obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the relationship with the client; and (12) awards in similar cases. *Gottlieb*, 43 F.3d at 482 n.4 (citing *Johnson*, 488 F.2d at 717-19).  However, "rarely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation." *Brown*, 838 F.2d at 455-56 ("The court here clearly considered all of the relevant *Johnson* factors and applied them appropriately.").  Thus, in evaluating the reasonableness of a fee award, a court need not specifically address each *Johnson* factor.  An analysis of the relevant factors demonstrates that the requested attorneys' fees are reasonable.[4]

### 1.     Time and Labor Involved Supports the Attorneys' Fees Requested

The time and labor Plaintiffs' Counsel spent on the Action supports the reasonableness of the attorneys' fees requested.  As detailed in the Manifold Declaration, the Settlement was entirely the product of Plaintiffs' Counsel's diligent efforts in investigating and prosecuting this Action.  In total, Plaintiffs' Counsel have spent over 1,912 hours litigating this Action.  Manifold Decl., ¶¶ 48, 50.  Those efforts included sophisticated work related to Plaintiffs' claims for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5.  Plaintiffs' Counsel conducted an exhaustive and extensive investigation of these claims and drafted two amended complaints and two oppositions to motions to dismiss.  Manifold Decl., ¶ 50(a).  Specifically, Plaintiffs' Counsel conducted substantial factual research into Vista and its

---

[4]     The following factors do not pertain to this litigation:  time limitations imposed by the client or the circumstances and the nature and length of the professional relationship with the client.

business activities.  That investigation included interviews with numerous confidential witnesses who previously worked for Vista, a review of numerous SEC filings, news reports, analyst reports, and other publicly available documents and numerous consultations with an accounting expert.  This process culminated in a Second Amended Complaint ("Complaint") that was 127 pages long and included 260 paragraphs of detailed allegations concerning Defendants' misconduct. Manifold Decl., ¶¶ 19, 50(a).  Plaintiffs' Counsel also drafted two oppositions to Defendants' motions to dismiss, consulted with damages experts and prepared for and attended mediation.  Manifold Decl., ¶ 50(a).  Plaintiffs' Counsel also spent considerable time negotiating the terms of the Settlement once a tentative deal was reached, including time drafting the necessary settlement documents.  *Id*.  Moreover, Plaintiffs' Counsel will also have to expend considerable time and expense preparing for and attending the fairness hearing, responding to any objections and overseeing the Settlement and distribution of the Settlement Fund.  *Id.*

All of these efforts were undertaken on a contingent basis.  Unlike Defendants' Counsel, who were paid substantial hourly rates and regularly reimbursed for their expenses, Plaintiffs' Counsel have not been compensated for any time or expenses in their prosecution of this Action and would have received no compensation or reimbursement of expenses had this Action not been successful.  Accordingly, this factor supports the requested fee.

## 2. The Novelty and Difficulty of the Questions Supports the Attorneys' Fees Requested

Securities litigation is "complex and difficult" and the "PSLRA requires great specificity in pleading such claims."  *Qwest II*, 625 F. Supp. 2d at 1149.  There is no doubt that this case presented complex issues of law and fact, including the existence of false and/or misleading statements regarding goodwill, made with scienter and proof of loss causation.  *See In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, 625 F. Supp. 2d 1133, 1138 (D. Colo. 2009) ("*Qwest I*") ("The accounting issues, the scienter issues, the causation issues, and the damages issues all are complex and problematic."); *see also In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 691 (D. Colo. 2014) (noting the risks plaintiffs would face in certifying a class, surviving summary judgment and winning at trial).

Although Plaintiffs' Counsel believe they could have overcome these factual and legal obstacles, it is readily apparent that there were substantial risks to achieving a recovery had the Settlement not been reached at this point in the proceedings, especially considering the Court had not yet ruled on Defendants' Motion to Dismiss.  Manifold Decl., ¶ 50(b).    A defense verdict in this litigation was entirely possible.  *Id.*  Thus this factor supports the requested fee award.

### 3. The Skill Required and the Experience of Plaintiffs' Counsel Supports the Attorneys' Fees Requested

There is no dispute that Plaintiffs' Counsel are particularly experienced  in complex class action litigation and have served as lead counsel in complex class actions for nearly five decades. The descriptions of the background and experience of Plaintiffs' Counsel are attached as Exhibit 1 to the Manifold Declaration.  These demonstrate that Plaintiffs' Counsel are experts in the highly specialized field of securities class action litigation.  Plaintiffs' Counsel's fee request is commensurate with that experience, which they were able to leverage to procure the Settlement. Manifold Decl., ¶ 50(c).  This factor further supports the fees requested.

### 4. The Preclusion of Other Employment Supports the Attorneys' Fees Requested

Plaintiffs' Counsel devoted a substantial amount of time to this Action which could have been devoted to other matters.  Plaintiffs' Counsel expended over 1,912 hours prosecuting this Action.  The major commitment of time that Plaintiffs' Counsel devoted to this case precluded them from spending that time working on other cases and accepting other representations. Manifold Decl., ¶ 50(d).  *Lucas*, 2006 U.S. Dist. LEXIS 51420, at *18 ("Large-scale class actions . . . necessarily require a great deal of work, and a concomitant inability to take on other cases.").

### 5. The Customary Fee and Awards in Similar Cases Supports the Attorneys' Fees Requested

Plaintiffs' Counsel is requesting 33% of the Settlement Amount.  As discussed in Section II.B., *supra*, courts in this Circuit and throughout the country routinely award attorneys' fees consistent with, and even greater than the fee percentage requested here.  Additionally, as discussed herein, the lodestar cross-check also confirms the reasonableness of the requested fee.

The multiplier requested here is only 1.67.  Manifold Decl., ¶ 48.  This factor also supports the fee requested.

### 6.   The Contingent Nature of the Fee Supports the Attorneys' Fees Requested

Courts in this Circuit have found that the "risk of non-recovery" weighs heavily in considering an award of attorneys' fees.  *Vaszlavik*, 2000 U.S. Dist. LEXIS 21140, at *9-10. *See also In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-01451-REB-CBS, 2006 U.S. Dist. LEXIS 71267, at *22 (D. Colo. Sept. 28, 2006) (contingency fee "is designed to reward counsel for taking the risk of prosecuting a case without payment during the litigation, and the risk that the litigation may be unsuccessful.").  Plaintiffs' Counsel have received no compensation during the course of this Action and have invested $1,232,487 in time and incurred significant expenses totaling $103,426.74 in obtaining the Settlement for the benefit of the Class. Manifold Decl., ¶ 50(f).  In addition, the attorneys working on the case have foregone the ability to devote time to other cases.  Accordingly, this factor also supports the fee requested.

### 7.   The Amount Involved and the Results Achieved Supports the Attorneys' Fees Requested

"Courts have consistently held that the most important factor within [the *Johnson*] analysis is what results were obtained for the class."  *Lane v. Page*, 862 F. Supp. 2d 1182, 1254 (D.N.M. 2012) (citing *Hensely v. Eckerhart*, 461 U.S. 424, 436 (1983)).  "This factor may be given a greater weight in a common fund case when the court determines that the recovery was 'highly contingent and that the efforts of counsel were instrumental in realizing recovery on behalf of the class.'"  *Qwest II*, 625 F. Supp. 2d at 1151 (citing *Brown*, 838 F.2d at 456).  The monetary result obtained must be viewed in light of the risks of litigation and the specific circumstances of the case.  Although  $6.25 million "may not be as large a Settlement fund as members of the class hoped to receive, and is probably less than class counsel wanted upon filing this action, it is significant given the real likelihood that the class could receive nothing."  *Lane*, 862 F. Supp. 2d at 1255-56.

As described in the Manifold Declaration and Final Approval Brief, Lead Plaintiff and Plaintiffs' Counsel faced numerous obstacles in this litigation, and as a result of arduous

litigation and settlement negotiations, succeeded in obtaining a $6.25 million Settlement, which represents almost a 6% recovery to Class Members based on Plaintiffs' best possible result in the Action.  Manifold Decl., ¶¶ 25, 29, 50(g).

Because of this Settlement, Class Members will receive immediate compensation for their losses and will avoid a very real and substantial risk of no recovery if Defendants' Motion to Dismiss were granted by this Court.  *See, e.g., Anderson v. First Sec. Corp.*, 249 F. Supp. 2d 1256, 1273 (D. Utah 2002) (dismissing securities class action complaint with prejudice); *Kapur v. USANA Health Sciences, Inc.*, No. 2:07-CV-00177DAK, 2008 U.S. Dist. LEXIS 58955, at *51 (D. Utah July 23, 2008) (same); *Karacand v. Edwards*, 53 F. Supp. 2d 1236, 1253 (D. Utah 1999) (same); *Caprin v. Simon Transp. Servs.*, 112 F. Supp. 2d 1251, 1260 (D. Utah 2000) (same);  *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 65 F. Supp. 3d 840, 863 (N.D. Cal. 2014) (dismissing class action complaint that alleged defendants failed to timely record impairment to goodwill).

Indeed, even if Lead Plaintiff prevailed on the Motion to Dismiss, there would still be a very serious risk of losing on class certification, summary judgment or trial.  And in fact, the Settlement Amount that recovers roughly 6% of the maximum potential recovery Settlement Class Members could have achieved at trial is comparable to other securities class action settlements of this size.  *See, e*.*g*., Laarni T. Bulan, et al., *Securities Class Action Settlements - 2017 Review and Analysis* 8 (Cornerstone Research 2017)[5] (the median settlement in 2017 for securities class actions where the simplified tier damages were between $75-$149 million was 3.2% ).  Thus, the recovery here merits the requested award.

### 8. The Undesirability of the Case Supports the Attorneys' Fees Requested

"Due to the degree of risk involved . . . [with] securities litigation, the court recognizes the undesirability of representing plaintiffs in such cases."  *In re Storage Tech Corp. Sec. Litig*., No. 84-F-1981, 1990 U.S. Dist. LEXIS 18461, at *9 (D. Colo. Sept. 28, 1990).  In taking this case on a contingency basis, Plaintiffs' Counsel knew that they were undertaking a significant

---

[5]     Available    at    http://securities.stanford.edu/research-reports/1996-2017/Settlements-Through-12-2017-Review.pdf (last visited Sept. 24, 2018).

risk that they would never be reimbursed for their time or out-of-pocket expenses. Moreover, Plaintiffs' Counsel was aware that even if they were paid, it would take significant time to obtain the fee award. Manifold Decl., ¶ 50(h). Thus, this "factor carries significant weight and weighs in favor of a substantial fee award." *Qwest II*, 625 F. Supp. 2d at 1153.

### D. Reaction to the Requested Fee by the Class

Although not specifically cited as a factor for consideration by the Tenth Circuit, courts also recognize the significance of the class members' reaction to the request for attorneys' fees and expenses. *See generally Qwest*, 2006 U.S. Dist. LEXIS 71267, at *32. GCG mailed 37,627 Notice Packets to potential Class Members and nominees. Declaration of Stephanie Amin-Giwner Regarding Mailing of Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing, Publication, Requests for Exclusion, and Objections to the Settlement Received to Date, ¶ 6 (filed concurrently herewith). The Notice informed shareholders that Plaintiffs' Counsel intended to "apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33% of the Settlement Amount and an award of litigation expenses incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $200,000, plus interest on both amounts from the date of funding at the same rate as earned by the Settlement Fund." Notice at 2. As of September 25, 2018, no Class Member has objected to the requested fee or expenses. Manifold Decl., ¶¶ 50(i), 54. This further weighs in favor of approving the fees requested.

### III. PLAINTIFFS' COUNSEL ARE ENTITLED TO REIMBURSEMENT FOR THEIR REASONABLE LITIGATION EXPENSES

"As with attorneys' fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred." *Vaszlavik*, 2000 U.S. Dist. LEXIS 21140, at *11. Plaintiffs' Counsel requests reimbursement of out-of-pocket expenses in the amount of $103,426.74 incurred by Plaintiffs' Counsel in connection with the prosecution of this litigation on behalf of the Class.[6] A large portion of

---

[6] Plaintiffs' Counsel anticipates incurring $3,000 in expenses for travel, hotel and meals associated with the final approval hearing. These estimated expenses are included in this total.

these expenses were used to fund Plaintiffs' investigation, which was critical to Plaintiffs' Counsel's success in achieving the proposed Settlement.   Plaintiffs' Counsel's expenses arise from, *inter alia*: expert expenses, photocopying of documents, online research, postage, transportation, meals, filing fees and other incidental expenses directly related to the prosecution of the litigation.   Manifold Decl, ¶ 52 & Ex. 2.   As discussed above, as of September 25, 2018, no Class Member has objected to the requested reimbursement of expenses.   Manifold Decl., ¶ 54.

## IV.      APPLICATION FOR SERVICE AWARD

Lead Plaintiff should be awarded $10,000 for its costs and expenses directly related to its representation of the Settlement Class.   The PSLRA provides that the Court may award "reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class."   15 U.S.C. § 78u-4(a)(4).

The Notice informed Class Members that Plaintiffs' Counsel would "apply for the reimbursement to the Lead Plaintiff for its reasonable costs and expenses (including lost wages) directly relating to its representation of the proposed Class, in an amount not to exceed $10,000, pursuant to the Private Securities Litigation Reform Act of 1995."   Notice at 2.   As of September 25, 2018, Plaintiffs' Counsel has received no objection to the requested service award for Lead Plaintiff.   Manifold Decl., ¶ 55.

Lead Plaintiff and its counsel devoted over 42 hours to the prosecution of this litigation. *See* Manifold Decl., ¶¶ 13, 56 & Ex. 2.   Thus the service award requested is reasonable.   *See*, *e.g.*, *In re Nu Skin Enters.*, 2016 U.S. Dist. LEXIS 166250, at *5 (awarding lead plaintiff $9,800 under the PSLRA for its time dedicated to the prosecution of the action).

## V.      CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court award Plaintiffs' Counsel the requested attorneys' fees in the amount of $2,062,500 and $103,426.74 in expenses reasonably and necessarily incurred in prosecuting this Action, plus interest on both amounts from the date of funding at the same rate as earned by the Settlement Fund, as well as

$10,000 to Lead Plaintiff for its costs and expenses directly related to its representation of the Settlement Class.

DATED:  September 26, 2018

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
 */s/ Betsy C. Manifold*
BETSY C. MANIFOLD

Betsy C. Manifold (admitted *pro hac vice*)
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:     619/239-4599
Facsimile:     619/234-4599
manifold@whafh.com

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
Gregory M. Nespole (admitted *pro hac vice*)
Regina Calcaterra (admitted *pro hac vice*)
Corey Kamin (admitted *pro hac vice*)
Anita Kartalopoulos (admitted *pro hac vice*)
270 Madison Ave.
New York, NY  10016
Telephone:     212/545-4600
Facsimile:     212/545-4653
gmn@whafh.com
calcaterra@whafh.com
kamin@whafh.com
abk@whafh.com

ANDERSON & KARRENBERG, P.C.
Heather M. Sneddon (#9520)
Jared D. Scott (#15066)
50 W. Broadway, Suite 700
Salt Lake City, UT 84101-2035
Telephone:  801/534-1700
hsneddon@aklawfirm.com
jscott@aklawfirm.com

PITTA LLP
Vincent F. Pitta (admitted *pro hac vice*)
120 Broadway, 28th Floor
New York, NY 10271
Telephone:  212/652-3836
vpitta@pittalaw.com

Attorneys for Lead Plaintiff

24914

- 12 -