# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PATRICK LENTSCH**, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>**VISTA OUTDOOR INC., MARK W. DEYOUNG, STEPHEN M. NOLAN,** and **KELLY T. GRINDLE**,<br><br>Defendants. | Case No. 1:17-cv-00012<br><br>**FINAL ORDER AND JUDGMENT**<br><br>JUDGE: Hon. Dale A. Kimball |

WHEREAS:

A. On July 2, 2018, Lead Plaintiff The New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund ("Lead Plaintiff"), on behalf of itself, and the Settlement Class, on the one hand, and Vista Outdoor Inc. ("Vista" or the "Company"), Mark W. DeYoung, Stephen M. Nolan and Kelly T. Grindle (collectively, the "Individual Defendants" and, together with Vista, the "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B. Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered July 9, 2018 (the "Preliminary Approval Order"), the Court scheduled a hearing for October 31, 2018, at 2:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a Judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits A-1 and A-2, respectively, be mailed by first-class mail, postage prepaid, on or before fifteen (15) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"),

substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

    D.    The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by October 10, 2018;

    E.    The provisions of the Preliminary Approval Order as to notice were complied with;

    F.    On September 26, 2018, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on October 31, 2018, at which time all interested Persons were afforded the opportunity to be heard; and

    G.    This Court has duly considered Lead Plaintiff's motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

    1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on July 3, 2018; and (ii) the Notice, which was filed with the Court on July 3, 2018. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities that purchased or otherwise acquired the securities of Vista Outdoor Inc. ("Vista" or the "Company") between August 11, 2016 and November 9, 2017, inclusive, and were damaged thereby (the "Settlement Class").  Excluded from the Settlement Class are:  Defendants, the officers and directors of Vista during the Class Period; the immediate family members of any of the foregoing individuals; any affiliate of Vista; any entity in which Defendants have or had a controlling interest; and the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons and entities.  Also excluded from the Settlement Class are those Persons who have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby reaffirms its determinations in the Preliminary Approval Order and finally certifies The New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund as the Class Representative for the Settlement Class; and finally appoints the law firm of Wolf Haldenstein Adler Freeman & Herz LLP as Class Counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably

calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. [There have been no objections to the Settlement.]

7. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of Lead Plaintiff and the Settlement Class.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class, and Defendants.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Complaint filed on January 12, 2018 is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, each and all of the Releasing Persons, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Person ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Settled Claims against each and every one of the Released Persons and shall be deemed to have covenanted not to sue the Released Persons in respect to all such Settled Claims and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, maintaining or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any and all of the Settled Claims against any and all of the Released Persons.

11. Upon the Effective Date, each of the Defendants and Released Persons, on behalf of themselves and their respective heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, shall, have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel and the Settlement Class (except any Settlement Class Member who opts out of the Settlement) from all Claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, Settlement, or resolution of the Action or the Released Claims except to enforce the

releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.

12. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(f)(7), upon the Effective Date, the Defendants are discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Person, based upon, relating to, or arising out of the Action. Upon the Effective Date, any and all Persons are permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all claims for contribution based upon, relating to, or arising out of the Action, whether arising under state, federal or common law, as claims, cross-claims, counterclaims, or third-party claims, in this Action or as a separate action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding, or other forum (collectively, the "Barred Contribution Claims") against the Defendants; and the Defendants are permanently BARRED, ENJOINED and RESTRAINED from commencing, prosecuting or asserting any and all Barred Contribution Claims against any Person, other than a Person whose liability to the Settlement Class has been extinguished pursuant to the Settlement and this Judgment.

13. Pursuant to the PSLRA, 15 U.S.C. § 78u-4(f)(7), any final verdict or judgment obtained by or on behalf of Lead Plaintiff, the Settlement Class or any Settlement Class Member shall be reduced as provided therein.

14. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15. This Judgment and the Stipulation, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Stipulation, the Settlement,

and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

      (a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Settled Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

      (b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

      (c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action

or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

20. Plaintiffs' Lead Counsel are hereby awarded, on behalf of all of Plaintiffs' Counsel, attorneys' fees of 33% of the Settlement Fund (*i.e.*, $2,062,500), plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $103,426.74, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

21. In accordance with 15 U.S.C. § 78u-4(a)(4), for its representation of the Settlement Class, the Court hereby awards Lead Plaintiff The New York Hotel Trades Council and Hotel Association of New York City, Inc. Pension Fund reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class in the amount of $10,000.

22. The awarded attorneys' fees and litigation expenses, and interest earned thereon, shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund within five (5) business days of entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

23. In making this award of attorneys' fees and litigation expenses, to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Tenth Circuit and found that:

   a. The Settlement has created a common fund of $6.25 million in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

   b. Plaintiffs' Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

9

c. The Action raised a number of complex factual and legal issues and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

d. Plaintiffs' Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

e. Plaintiffs' Counsel have devoted 1,912.9 hours with a lodestar value of $1,232,487 to achieve the Settlement;

f. The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Tenth Circuit;

g. Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation;

h. The Lead Plaintiff fully supports and approves the fee request;

i. Notice was disseminated to putative Settlement Class Members stating that Plaintiffs' Counsel would be moving for an award of attorneys' fees in an amount not to exceed 33% of the Settlement, and payment of expenses incurred in connection with the prosecution of the Action in an amount not to exceed $200,000, plus interest as well as for an award of reasonable costs and expenses for the Lead Plaintiff, and [no Settlement Class Member has filed an objection to the fees and expenses requested by Plaintiffs' Counsel or the award of costs and expenses to Lead Plaintiff];

24. Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application or award of costs and expenses to Lead Plaintiff shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

25. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this 31st day of October, 2018

BY THE COURT:

_____
Honorable Dale A. Kimball
UNITED STATES DISTRICT JUDGE

24986